**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 12-7340**

───────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

        v.

WILLIE EDWARD BARNES, a/k/a Big Will,

                    Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.   John Preston Bailey, Chief District Judge.   (3:08-cr-00064-JPB-DJJ-1; 3:10-cv-00107-JPB-DJJ)

───────────────

Submitted:  November 13, 2012        Decided:  November 15, 2012

───────────────

Before NIEMEYER, GREGORY, and DIAZ, Circuit Judges.

───────────────

Dismissed by unpublished per curiam opinion.

───────────────

Willie Edward Barnes, Appellant Pro Se.  Paul Thomas Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Edward Barnes seeks to appeal the district court's order denying his motion under Fed. R. Civ. P. 60(b)(6).[*] The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Barnes has not made the requisite showing. Accordingly, we

---

[*] Because Barnes' Rule 60(b) motion directly attacked his conviction, it was, in essence, an unauthorized and successive 28 U.S.C.A. § 2255 (West Supp. 2012) motion over which the district court lacked jurisdiction. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003).

2

deny a certificate of appealability, deny leave to proceed in forma pauperis, and dismiss the appeal.

Additionally, we construe Barnes' notice of appeal and informal brief as an application to file a second or successive § 2255 motion. Winestock, 340 F.3d at 208. In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C.A. § 2255(h). Barnes' claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3